UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NATALIE KELLY<br>5556 Carol Jean Blvd.<br>Garfield Heights, Ohio 44125 | )<br>)<br>) | CASE NO.<br><br>JUDGE |
| | )<br>) | |
| *On behalf of herself and all others*<br>*similarly situated,* | )<br>)<br>) | **PLAINTIFF'S CLASS AND**<br>**COLLECTIVE ACTION**<br>**COMPLAINT** |
| Plaintiff, | )<br>) | (Jury Demand Endorse Herein) |
| | ) | |
| *v.* | )<br>) | |
| JOHNNY'S TAVERN AND<br>RESTAURANT, INC.<br>c/o Statutory Agent Joseph Santosuosso<br>3164 Fulton Ave.<br>Cleveland, Ohio 44109 | )<br>)<br>)<br>)<br>)<br>) | |
| *and* | )<br>) | |
| JOHNNY'S BURGESS GRAND<br>CORPORATION, INC.<br>c/o Statutory Agent<br>800 Leader Service Corp.<br>600 Superior Avenue East, Suite 1400<br>Cleveland, Ohio 44114 | )<br>)<br>)<br>)<br>)<br>) | |
| *and* | )<br>) | |
| JOSEPH SANTOSUOSSO<br>3164 Fulton Ave.<br>Cleveland, Ohio 44109 | )<br>)<br>)<br>) | |
| Defendants. | )<br>) | |

Plaintiff Natalie Kelly, by and through counsel, respectfully files this Class and Collective Action Complaint against Defendant Johnny's Tavern and Restaurant, Inc., Defendant Johnny's Burgess Grand Corporation, Inc., and Defendant Joseph Santosuosso, and states and alleges the following:

## INTRODUCTION

1.      Plaintiff brings this case to challenge policies and practices of Johnny's Tavern and Restaurant, Inc., Johnny's Burgess Grand Corporation, Inc., and Joseph Santosuosso (hereinafter also collectively referred to as "Defendants") that violated the minimum wage provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and Ohio wage law, Ohio Rev. Code Ann. § 4111.01 *et seq.*, Art. II, Sec. 34a of the Ohio Constitution. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of [herself] or themselves and other employees similarly situated" (the "FLSA Collective"). Plaintiff also brings this case as a class action under Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons who assert factually-related claims under Art. II, Sec. 34a of the Ohio Constitution (the "Ohio Class").

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3.      This Court has supplemental jurisdiction over Plaintiff's claims under the statutes and Constitution of the State of Ohio because those claims are so related to the FLSA claims as to form part of the same case or controversy.

4.      Venue is proper in this judicial district and division pursuant to 28 U.S.C. §

1391(b) because one or more Defendant resides in this judicial district and division and all or a

substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

5.      At all times relevant, Plaintiff Natalie Kelly was a citizen of the United States and

a resident of Cuyahoga County, Ohio.

6.      Defendant Johnny's Tavern and Restaurant, Inc. is an Ohio for-profit corporation[1]

with its principal place of business in Cuyahoga County, Ohio. Defendant Johnny's Tavern and

Restaurant, Inc. *does business as* "Johnny's Bar."[2] According to records maintained by the Ohio

Secretary of State, Defendant Johnny's Tavern and Restaurant, Inc.'s (hereinafter "Defendant

Johnny's Bar") statutory agent for service of process is Joseph Santosuosso, 3164 Fulton Ave.,

Cleveland, Ohio 44109. [3]

7.      Defendant Johnny's Burgess Grand Corporation, Inc. is an Ohio for-profit

corporation[4] with its principal place of business in Cuyahoga County, Ohio. Defendant Johnny's

Burgess Grand Corporation, Inc. *does business as* "Johnny's Downtown." [5] [6] According to

records maintained by the Ohio Secretary of State, Defendant Johnny's Burgess Grand

Corporation, Inc.'s (hereinafter "Defendant Johnny's Downtown") statutory agent for service of

---

[1] https://businesssearch.ohiosos.gov?=businessDetails/715699 (last accessed June 4, 2021).
[2] http://www.johnnysonfulton.com/ (last accessed June 4, 2021).
[3] https://businesssearch.ohiosos.gov?=businessDetails/715699 (last accessed June 4, 2021).
[4] https://businesssearch.ohiosos.gov?=businessDetails/842531 (last accessed June 4, 2021).
[5] https://www.dnb.com/business-directory/company-profiles.johnnys_burgess_grand_corporation_inc.2a6f1c0d29d5a13d9e350e1b82c41ae0.html (last accessed June 4, 2021).
[6] https://www.johnnyscleveland.com/ (last accessed June 4, 2021).

process is 800 Leader Service Corp., 600 Superior Avenue East, Suite 1400, Cleveland, Ohio 44114.[7]

8.     Defendant Joseph Santosuosso is an owner of Defendants Johnny's Bar and Johnny's Downtown.[8] [9] Upon information and belief, Defendant Joseph Santosuosso exercised daily operational control over Defendant Johnny's Bar and Johnny's Downtown business operations, including decisions over the hiring and firing of employees, scheduling employees for work, establishing payroll policies and procedures, establishing tip deduction policies and practices, establishing rates of pay for employees, and issuing payroll to employees.

**FACTUAL ALLEGATIONS**

**Defendants' Business**

9.     Defendants own and operate Johnny's Bar and Johnny's Downtown located at 3164 Fulton Rd, Cleveland, OH 44109, and 1406 W. 6th St, Cleveland, OH 44113, respectively, as well as Johnny's Little Bar as 614 Frankfort Ave, Cleveland, OH 44113.[10] [11]

**Plaintiff's, the FLSA Collective's and the Ohio Class's Employments with Defendants**

10.     Defendants have employed full and part-time hourly tipped wait staff during the relevant period, including servers and bartenders ("tipped employees").

11.     Plaintiff Natalie Kelly has been employed by Defendants from about December 2019 to the present as a tipped employee.

---

[7] https://businesssearch.ohiosos.gov?=businessDetails/842531 (last accessed June 4, 2021).
[8] https://www.prweb.com/releases/2017/11/prweb14864168.htm (last accessed June 4, 2021).
[9] https://www.clevescene.com/scene-and-heard/archives/2013/03/21/for-killer-burgers-with-zero-cheese-hit-johnnys-little-bar (last accessed June 4, 2021).
[10] *Id.*
[11] https://www.facebook.com/pages/category/Bar/Johnnys-Little-Bar-271928709508691/

12.     At all times relevant, Plaintiff and other members of the FLSA Collective and the

Ohio Class were employees within the meaning of 29 U.S.C. § 203(e), O.R.C. §§ 4111.01, *et*

*seq.* and Art. II, Sec. 34a of the Ohio Constitution.

13.     Plaintiff and other members of the FLSA Collective and the Ohio Class were

classified by Defendants as non-exempt employees and paid on an hourly basis.

14.     Part of Plaintiff's, the FLSA Collective's and the Ohio Class's job duties included

regularly processing credit card transactions involving out-of-state banks and financial

institutions for Defendants' customers, and regularly handling multiple goods and products that

have been produced or moved in interstate commerce.

15.     At all times relevant, Plaintiff and other members of the FLSA Collective and

Ohio Class were employees engaged in commerce or in the production of goods for commerce

within the meaning of 29 U.S.C. §§ 206-207.

## Defendants' Statuses as Employers

16.     At all times relevant, Defendants were employers within the meaning of the

FLSA, 29 U.S.C. § 203(d), Ohio Const. Article II, Section 34a and O.R.C. §§ 4111.01, *et seq.*,

and employed hourly tipped employees, including Plaintiff and other members of the FLSA

Collective and Ohio Class.

17.     At all times relevant, Defendants were an enterprise engaged in commerce or in

the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

18.     Defendants operate and control an enterprise engaged in commerce, with annual

gross volume of business exceeding $500,000.00.

19.     Defendant Joseph Santosuosso is an employer pursuant to 29 U.S.C. § 203(d) in

that he is a "person [who] act[ed] directly or indirectly in the interest of an employer,"

Defendants Johnny's Bar and Johnny's Downtown, "in relation to employees," including

Plaintiffs and other members of the FLSA Collective and the Ohio Class. Defendant Joseph

Santosuosso is also an employer pursuant to O.R.C. Chapter 4111 and Ohio Const. Article II,

Section 34a, and had operational control over significant aspects of Johnny's Bar's and Johnny's

Downtown's day-to-day functions, including compensation of employees.

20.     Defendants were each employers of Plaintiff and other members of the FLSA

Collective and Ohio Class as each Defendant exercised the power to hire or fire tipped

employees; supervised and controlled tipped employees' work schedules or conditions of

employment; determined tipped employees' rates and methods of payment; and maintained or

were required to maintain records, including employment records.

### *Defendants' Statuses as a "Single Employer" and "Single Enterprise"*

21.     At all times relevant, Defendants were an enterprise within the meaning of 29

U.S.C. § 203(r). At all times relevant, Defendants have operated as a single enterprise within the

meaning of Section 203(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1). That is, Defendants perform

related activities through unified operation and common control for a common business purpose;

namely, the operation of "Johnny's" restaurants in Northeast Ohio.

22.     Defendants own and operate multiple Johnny's restaurants in Northeast Ohio –

Johnny's Bar, Johnny's Downtown and Johnny's Little Bar.

23.     Defendants are engaged in related activities, *i.e.* all activities which are necessary

to the operation and maintenance of Defendants' Johnny's restaurants.

24.     Defendants share employees between restaurant locations.

25.     Defendants share common management between Johnny's restaurant locations.

26.     Defendants share common human resources, accounting and payroll services between Johnny's restaurant locations.

27.     Defendants provide similar products and services to customers at the Johnny's restaurant locations.

28.     Defendants represent themselves to the general public as a single entity – Johnny's – operating at multiple locations. Defendants use the trade name "Johnny's" at all of their restaurant locations. Defendants represent themselves, to the media, and are known regionally as sister restaurants. [12] [13]

29.     Defendants constitute a unified operation because they have organized the performance of their related activities so that they are an organized business system which is an economic unit directed to the accomplishment of a common business purpose.

30.     Defendants' Johnny's restaurants provide services and products to customers by using a set formula when conducting business. Part of that set formula is the deprivation of minimum wage and tips to their tipped employees as outlined in this Complaint.

**The FLSA and Ohio Law's Tip Requirements**

31.     The FLSA incorporates state minimum wage laws when they include a higher minimum wage than the FLSA. 29 U.S.C. § 206. Ohio law provides the following requirements for Ohio's minimum wage tip credit: "[a]n employer may pay an employee less than, but not less than half, the minimum wage rate required by this section if the employer is able to demonstrate that the employee receives tips that combined with the wages paid by the employer are equal to

---

[12] https://www.onlyinyourstate.com/ohio/cleveland/general-store-restaurant-cle/ (last accessed June 4, 2021).

[13] https://www.cleveland.com/dining/2013/06/johnnys_downtown_marks_20th_an.html (last accessed June 4, 2021).

or greater than the minimum wage rate for all hours worked." Ohio Const. Article II, Section 34a.

32.    Ohio's minimum wage is adjusted annually as specified by Ohio Const. Article II, Section 34a, and for tipped employees was $4.15 per hour *plus tips* totaling at least $8.30 per hour in 2018; and was $4.30 *plus tips* totaling at least $8.55 per hour in 2019; and was $4.35 per hour *plus tips* totaling at least $8.70 per hour in 2020; and is $4.40 per hour *plus tips* totaling at least $8.80 per hour in 2021.

33.    The tip-credit provisions of the FLSA and Ohio law allow employers to pay tipped employees less than the statutory minimum wage provided that the employer complies with the requirements of the tip-credit provisions of 29 U.S.C. § 203(m), Ohio Const. Article II, Section 34a.

### Defendants' Impermissible Tip Credit Policies and Practices

34.    Defendants compensated Plaintiff and other members of the FLSA Collective and Ohio Class as tipped employees during Plaintiff's, the FLSA Collective's and the Ohio Class's employments; Defendants paid Plaintiff and other members of the FLSA Collective and Ohio Class less than the statutory minimum hourly wage, a sub-minimum wage, and took a "tip credit" against their minimum wage obligations.

35.    Though Defendants paid Plaintiff and other members of the FLSA Collective and the Ohio Class a sub-minimum wage as tipped employees, Defendants did not comply with 29 U.S.C. § 203(m)'s and Ohio law's tip credit requirements and were thus disqualified from taking a tip credit against Plaintiff's, the FLSA Collective's and the Ohio Class's minimum wages.

36.    Plaintiff and other members of the FLSA Collective and the Ohio Class routinely had their earned tips unlawfully withheld by Defendants.

37.     Plaintiff and other members of the FLSA Collective and the Ohio Class were subject to unlawful deductions from their tips. Defendants unlawfully withheld approximately 4% of Plaintiff's and other members of the FLSA Collective's and the Ohio Class's tips each pay period for "breakage." Defendants withheld these amounts of tips earned without any agreement that complies with the FLSA and Ohio law, and without considering whether any breakage actually occurred.

38.     A U.S. Department of Labor, Wage and Hour Division "Fact Sheet" on Tipped Employees expressly states as follows: <u>When an employer claims an FLSA 3(m) tip credit, the tipped employee is considered to have been paid only the minimum wage for all non-overtime hours worked in a tipped occupation and the employer may not take deductions for walkouts, cash register shortages, breakage, cost of uniforms, etc., because any such deduction would reduce the tipped employee's wages below the minimum wage</u>. 680 Fact Sheet #15: Tipped Employees Under the FLSA, at page 3.[14] (Emphasis in original).

39.     Defendants were expressly prohibited from taking a tip credit when they withheld portions of tipped employees' tips, including but not limited to for the purposes of for "breakage."

40.     Retaining or withholding tips for breakage does not constitute a valid tip sharing and/or pooling practice under the Department of Labor's regulations and federal and state law. As a result of Defendants' unlawful tip deduction and withholding practices, Defendants were disqualified from taking a tip credit.

41.     As a result of the impermissible tip deduction and withholding policies or practices, Plaintiff and other members of the FLSA Collective and the Ohio Class were regularly

---

[14] https://www.dol.gov/sites/dolgov/files/WHD/legacy/files/whdfs15.pdf (last accessed June 4, 2021).

paid less than the Ohio and federal minimum wage. As a result of Defendants' unlawful tip

deduction and withholding policies or practices, Plaintiff and other members of the FLSA

Collective and the Ohio Class are entitled to receive the full non-tipped employee minimum

wage plus tips for every hour of work that they performed for Defendants.

**Defendants' Unlawful Taking of Tips**

42.     The FLSA further provides that "an employer may not keep tips received by its

employees for any purposes, including allowing managers or supervisors to keep any portion of

employees' tips, regardless of whether or not the employer takes a tip credit." 29 U.S.C. §

203(m).

43.     By unlawfully deducting and withholding tips for breakage at Johnny's Bar and

Johnny's Downtown/Johnny's Little Bar, Defendants' ownership, including Defendant Joseph

Santosuosso, unlawfully received a portion of tips received by its employees in violation of 29

U.S.C. § 203(m).

44.     Defendants violated 29 U.S.C. § 203(m) regardless of whether or not Defendants

took a tip credit, and Plaintiff and other members of the FLSA Collective and the Ohio Class are

entitled to the full amount of the tips unlawfully withheld, in addition to liquidated damages.

**Defendants' Failure to Provide Tip-Credit Notice**

45.     The FLSA required Defendants to inform their tipped employees of the provisions

of the tip-credit subsections of the FLSA and Ohio law. 29 U.S.C. § 203(m)(2), 29 C.F.R. §

531.59, O.R.C. § 4111.14(B) (incorporating FLSA standards).

46.     Defendants were prohibited from taking a tip credit when they failed to inform

their tipped employees of the provisions of the tip-credit subsections of the FLSA and

Defendants' compliant tip credit practices and policies. 29 U.S.C. § 203(m).

10

47.  29 C.F.R. § 531.59, for example, required Defendants to inform their tipped

employees in advance of the Defendants' use of the tip credit, including but not limited to: the

amount of the cash wage that is to be paid to the tipped employees by the Defendants; that all

tips received by the tipped employee must be retained by the employee except for a tip pooling

arrangement limited to employees who customarily and regularly receive tips; and that the tip

credit shall not apply to any employee who has not been informed of the tip credit requirements

of the FLSA.

48.  Defendants violated the FLSA by paying their employees subminimum wages

without informing them of the tip-credit provisions of the FLSA.

49.  Even if Defendants provided notice that they intended deduct and withhold tips

for the purposes of "breakage," Defendants' tip notice would have nevertheless been invalid and

not compliant with 29 U.S.C. § 203(m)(2) and 29 C.F.R. § 531.59. This is because the purpose

of the deductions and withholdings would have nevertheless been unlawful as the tip deductions

and withholdings were not limited to a valid tip pooling arrangement between employees who

customarily and regularly receive tips.

50.  As a result of Defendants' failure to provide the required tip-credit notice,

Defendants were disqualified from taking a tip credit, and Plaintiff and other members of the

FLSA Collective and the Ohio Class are entitled to receive the non-tipped employees minimum

wage plus tips for every hour of work that they performed for Defendants.

## The Willfulness of Defendants' Violations

51.  Defendants knew that Plaintiff and other members of the FLSA Collective and

Ohio Class were entitled to tips and minimum wage under federal and state law or acted in

reckless disregard for whether they were so entitled.

52.     Plaintiff Natalie Kelly, for example, complained about and discussed Defendants'
unlawful tip deduction and withholding practices for "breakage" with Defendants' company
accountant, who told Plaintiff Kelly that the tip deduction practices and policies at the core of
this litigation have been the standard practice at Johnny's for years.

53.     Notwithstanding Plaintiff Natalie Kelly's discussion with Defendants' company
accountant about the tip deduction and withholding practices for "breakage," Defendants have
continued to unlawfully deduct from employee tips.

54.     Defendants intentionally and willfully circumvented the requirements of the
FLSA and Ohio law.

55.     The above payroll practices and policies resulted in knowing and willful
minimum wage and tip violations of the FLSA, 29 U.S.C. §§ 201-219; O.R.C. Chapter 4111, *et
seq*.; and Ohio Const. Art. II, § 34a.

## COLLECTIVE ACTION ALLEGATIONS

56.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten
herein.

57.     Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. §
216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may
be maintained against any employer … by any one or more employees for and in behalf of
[herself] or themselves and other employees similarly situated."

58.     The FLSA Collective consists of:

> All present and former hourly tipped employees and other
> employees with similar job titles and/or positions of Defendants
> during the period of three years preceding the commencement of
> this action to the present.

12

59.     Such persons are "similarly situated" with respect to Defendants' FLSA violations in that all were non-exempt tipped employees of Defendants, all were subjected to and injured by Defendants' unlawful practice of failing to pay minimum wage for all hours worked, failing to properly pay tips, and all have the same claims against Defendants for unpaid tips and minimum wage as well as for liquidated damages, attorneys' fees, and costs.

60.     Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

61.     Plaintiff cannot yet state the exact number of similarly-situated persons but avers, upon information and belief, that they consist of over 50 persons. Such persons are readily identifiable through the payroll records Defendants have maintained, and were required to maintain, pursuant to the FLSA and Ohio law.

## CLASS ACTION ALLEGATIONS

62.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

63.     Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons who assert claims under the laws of the State of Ohio (the "Ohio Class"), defined as:

> All present and former hourly tipped employees and other employees with similar job titles and/or positions of Defendants during the period of two years preceding the commencement of this action to the present.

64.     The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff cannot yet state the exact number of class members but avers, upon information and belief, that they consist of over 50 persons.  The number of class members, as well as their

13

identities, are ascertainable from the payroll records Defendants have maintained, and were required to maintain, pursuant to the FLSA and Ohio law.  29 U.S.C. § 211(c); 29 C.F.R. § 516.2; Ohio Const. Art. II, § 34a.

65.     There are questions of law or fact common to the Ohio Class, including but not limited to:

> Whether Defendants' conduct as described above violates Ohio law governing payment of minimum wage;
>
> Whether Defendants denied hourly tipped employees minimum wages where, among other things, tips of hourly tipped employees were withheld for the purposes of "breakage;"
>
> Whether Defendants denied hourly tipped employees minimum wages where, among other things, tips of hourly tipped employees were withheld and/or were ultimately retained by management and/or ownership;
>
> Whether Defendants denied hourly tipped employees minimum wage by, among other things, taking a tip credit when Defendants were not permitted to do so;
>
> Whether Defendants' conduct violates the Ohio Minimum Fair Wage Standards Act; and
>
> Whether Defendants' conduct violates Ohio Const. Art. II, § 34a.

66.     Plaintiff's claims are typical of the claims of other members of the Ohio Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendants, and are based on the same legal theories, as the claims of other class members.

67.     Plaintiff will fairly and adequately protect the interests of the Ohio Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members. Plaintiff's counsel have broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Ohio Class in this case.

14

68.     The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendants' liability to the class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

69.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Minimum Wage Violations)

70.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

71.     The FLSA requires that "non-exempt" employees receive a minimum hourly wage for all work their employers suffer, permit or require them to perform. *See* 29 U.S.C. § 206.

72.     Defendants failed to comply with the requirements of 29 U.S.C. § 206 by paying employees less than the applicable Ohio minimum wage. Defendants have engaged in a series of unlawful acts, practices, policies, and procedures in violation of the FLSA, including refusing and/or failing to calculate and pay Plaintiff's and other members of the FLSA Collective's minimum wages as required by federal law. 29 U.S.C. § 206.

73.     Defendants' unlawful conduct directly and proximately caused Plaintiff and other members of the FLSA Collective to suffer damages for which they are entitled to judgment.

74.     Defendants' violations have been willful and/or in reckless disregard of Plaintiff's and other members of the FLSA Collective's rights, and entitle Plaintiff and other members of the FLSA Collective to liquidated damages. 29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

**COUNT TWO**
**(Ohio Minimum Wage Violations)**

75.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

76.     Plaintiff brings this claim for violation of Ohio's minimum wage provisions contained within Art. II, Sec. 34a of the Ohio Constitution on behalf of herself and other members of the FLSA Collective and Ohio Class.

77.     Ohio law requires that employees receive a minimum hourly wage for all work their employers suffer, permit or require them to perform. Art. II, Sec. 34a of the Ohio Constitution.

78.     Based on the improper practices and policies described herein, Defendants failed to comply with the requirements of Ohio law by paying employees less than the applicable minimum wage rate.

79.     Defendants have engaged in a series of unlawful acts, practices, policies, and procedures in violation of Art. II, Sec. 34a of the Ohio Constitution, including by refusing and/or failing to calculate and pay Plaintiff's and other members of the FLSA Collective's and Ohio Class's minimum wages as required by Ohio law.

16

80.     Defendants' unlawful conduct directly and proximately caused Plaintiff and other members of the FLSA Collective and the Ohio Class to suffer damages for which they are entitled to judgment.

81.     Plaintiff and other members of the FLSA Collective and Ohio Class are entitled to "equitable and monetary relief" including "two times the amount of the back wages", or triple damages, for Defendants' minimum wage violations pursuant to Ohio Const. Art. II, Sec. 34a.

## COUNT THREE
### (FLSA Tip Violations)

82.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

83.     Plaintiff brings this claim for violation of the FLSA's employer tip keeping prohibitions.

84.     As a result of the impermissible keeping of tips received by Plaintiff and the FLSA Collective for any purpose, Defendants violated 29 U.S.C. § 203(m) and the regulations thereunder that have the force of law.

85.     Defendants have engaged in a series of unlawful acts, practices, policies, and procedures in violation of the FLSA, including by keeping the tips of their tipped employees "for any purposes" not expressly permitted. 29 U.S.C. § 203(m).

86.     Defendants' unlawful conduct directly and proximately caused Plaintiff and the FLSA Collective to suffer damages for which they are entitled to judgment.

87.     Defendants' violations have been willful and/or in reckless disregard of Plaintiff's and the FLSA Collective's rights, and entitle Plaintiff and the FLSA Collective to the sum of any tip credit taken by Defendants, all tips unlawfully kept by Defendants, and liquidated damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Honorable Court:

A.  Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B.  Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the Ohio Class;

C.  Enter judgment against Defendants and in favor of Plaintiff and the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the members of the Ohio Class;

D.  Award compensatory damages to Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the members of the Ohio Class in the amount of their unpaid minimum wages, as well as statutory damages in an amount equal to twice the unpaid minimum wages under Ohio Law;

E.  Award compensatory damages to Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b) and the members of the Ohio Class in the amount of the sum of any tip credit taken by Defendants and all tips unlawfully kept by Defendants; and

F.  Award Plaintiff her costs and attorneys' fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

Respectfully submitted,

*s/ Ryan A. Winters*

Joseph F. Scott (0029780)
Ryan A. Winters (0086917)
Kevin M. McDermott II (0090455)
SCOTT & WINTERS LAW FIRM, LLC
The Caxton Building
812 Huron Rd. E., Suite 490
Cleveland, OH 44115
P: (216) 912-2221 | F: (216) 350-6313
jscott@ohiowagelawyers.com
rwinters@ohiowagelawyers.com
kmcdermott@ohiowagelawyers.com

19

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

*s/ Ryan A. Winters*
Ryan A. Winters (0086917)
